GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

EDMUND K. SAFFERY          5860-0
esaffery@goodsill.com
LAUREN K. CHUN             10196-0
lchun@goodsill.com
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 547-5600
Facsimile:   (808) 547-5880

Attorneys for Defendants
LOWE'S HOME CENTERS, LLC
And TYSON SACKS

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAUL PETERS,<br><br>        Plaintiff,<br><br>  vs.<br><br>LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company; TYSON SACKS; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10,<br><br>        Defendants. | CIVIL NO. CV 18-00083 RLP-NONE<br><br>DEFENDANT LOWE'S HOME CENTERS, LLC'S ANSWER TO COMPLAINT FILED ON OCTOBER 24, 2017; CERTIFICATE OF SERVICE |

6756634.1

## DEFENDANT LOWE'S HOME CENTERS, LLC'S
## ANSWER TO COMPLAINT FILED ON OCTOBER 24, 2017

Defendant LOWE'S HOME CENTERS, LLC ("Lowe's"), by and

through its attorneys Goodsill Anderson Quinn & Stifel, A Limited Liability Law

Partnership, answers the Complaint filed herein on October 24, 2017

("Complaint") as follows:

1.      In response to Paragraph 1 of the Complaint, Lowe's states that

it is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in said Paragraph, and on that basis, denies the same.

2.      Lowe's admits the allegations contained in Paragraphs 2 and 3

of the Complaint.

3.      In response to Paragraph 4 of the Complaint, Lowe's states

upon information and belief that Tyson Sacks ("Sacks") is an adult resident of

Maui County, Hawaii.

4.      In response to Paragraphs 5 and 6 of the Complaint, Lowe's

states that it is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in said Paragraphs, and on that basis, denies

the same.

### Jurisdiction/Venue

5.      In response to Paragraph 7 of the Complaint, Lowe's states that

the allegations relating to "negligence," "substantial factor", causation, and

"damages . . . that exceed the jurisdictional minimums" all call for legal conclusions which require no response.  To the extent a response is required, Lowe's denies the allegations contained in said Paragraph 7.

      6.     In response to Paragraph 8 of the Complaint, Lowe's states that the allegations in said Paragraph call for legal conclusions which require no response.  To the extent a response is required, Lowe's states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis, denies the same.

### Allegations/Cause of Action – Negligence

      7.     In response to Paragraph 9 of the Complaint, Lowe's states upon information and belief that Sacks was employed by Lowe's as of November 3, 2015.  Lowe's further states upon information and belief that Plaintiff was on the premises of the Lowe's store located in Kahului, Hawaii on or about November 3, 2015.  Lowe's further states that the allegation that Plaintiff was a "business invitee" of Lowe's calls for a legal conclusion which requires no response.  Except as so stated, Lowe's states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint and on that basis, denies the same.

8.      In response to Paragraph 10 of the Complaint, Lowe's states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis, denies the same.

9.      In response to Paragraph 11 of the Complaint, and all of Paragraph 11's subparagraphs, Lowe's states that such Paragraph and subparagraphs call for legal conclusions which require no response.  To the extent a response is required, Lowe's states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint and its subparagraphs and on that basis, denies the same.

10.      In response to Paragraph 12 of the Complaint, Lowe's states that said Paragraph calls for a legal conclusion which requires no response.  To the extent a response is required, Lowe's denies the allegations contained in said Paragraph.

11.      In response to Paragraph 13 of the Complaint, and all of Paragraph 13's subparagraphs, Lowe's states that such Paragraph and subparagraphs call for legal conclusions which require no response.  To the extent a response is required, Lowe's states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 13 of the Complaint and its subparagraphs and on that basis, denies the same.

12.     In response to Paragraph 14, 15, and 16 of the Complaint, Lowe's states that said Paragraphs call for legal conclusions which require no response.  To the extent a response is required, Lowe's denies the allegations contained in said Paragraphs.

13.     All prayers for relief are denied.

14.     Any allegation not specifically admitted is denied.

## DEFENSES

Lowe's asserts the following defenses without assuming the burden of proof on such defenses that would otherwise rest of Plaintiff.

### FIRST DEFENSE

15.     The Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

16.     Lowe's intends to rely on the defenses of lack of jurisdiction, insufficiency of process, or insufficiency of service of process.

### THIRD DEFENSE

17.     Plaintiff's claims are barred under the doctrines of waiver, estoppel, unclean hands, laches and other affirmative defenses which may be uncovered through discovery or trial.

### FOURTH DEFENSE

18.     Lowe's did not breach any legal duty owed to Plaintiff.

### FIFTH DEFENSE

19.     Plaintiff's claims are barred because the conduct of Lowe's was not a proximate cause of the alleged injuries or damages.

### SIXTH DEFENSE

20.     Plaintiff's injuries or damages, if any, were caused, in whole or in part, by the negligence of, or wrongful conduct of Plaintiff.

### SEVENTH DEFENSE

21.     Plaintiff's injuries or damages, if any, were caused, in whole or in part, by persons other than Lowe's.

### EIGHTH DEFENSE

22.     Plaintiff's recovery, if any, should be reduced in accordance with section 663-31 of the Hawaii Revised Statutes.

### NINTH DEFENSE

23.     Plaintiff's claim for damages is barred by his failure to mitigate his damages.

## TENTH DEFENSE

24. If Plaintiff sustained any injuries or incurred any damages, as alleged in the Complaint, such injuries or damages were caused by intervening and/or superseding causes beyond the control of Lowe's.

## ELEVENTH DEFENSE

25. Plaintiff's claims are barred or limited by assumption of risk.

## TWELFTH DEFENSE

26. Plaintiff's causes of action are barred in whole or in part by Plaintiff's contributory negligence.

## THIRTEENTH DEFENSE

27. Plaintiff's recovery, if any, should be reduced by Plaintiff's comparative negligence.

## FOURTEENTH DEFENSE

28. Lowe's had no notice or knowledge of the condition alleged to have caused Plaintiff's injuries and/or damages presented an unreasonable risk of harm.

## FIFTEENTH DEFENSE

29. Any injuries and/or damages sustained by Plaintiff were not reasonably foreseeable by Lowe's.

## SIXTEENTH DEFENSE

30. Any injuries and/or damages were the result of conditions that were open and obvious.

## SEVENTEENTH DEFENSE

31. Plaintiff's claims may be barred by the applicable statute of limitations.

## EIGHTEENTH DEFENSE

32. Lowe's did not act wantonly or oppressively or with such malice as to imply a spirit of mischief or criminal indifference to its civil obligations, and therefore, punitive damages may not be recovered against Lowe's.

## NINETEENTH DEFENSE

33. Plaintiff's claims for exemplary and/or punitive damages are barred on the grounds that an award of exemplary and/or punitive damages violates the 5th, 8th and 14th Amendments of the U.S. Constitution and Article 1, Sections 5 and 12 of the Constitution of the State of Hawaii by punishing, through vague and arbitrary standards, without limitations or sufficient notice, without sufficient procedural safeguards, and in denial of due process and equal protection of the law.

## TWENTIETH DEFENSE

34.     Lowe's intends to rely upon all other proper defenses available to it as set forth in Rule 8 and 12 of the Federal Rules of Civil Procedure and reserves the right to amend its Answer if appropriate.

Lowe's reserves the right to amend its Answer to assert other defenses as the case and discovery progresses.

WHEREFORE, Lowe's requests that:

A.     The Complaint be dismissed with prejudice;

B.     Lowe's be awarded its costs and expenses, and

C.     Lowe's be awarded such other and further relief as this Court deems just and equitable.

DATED:  Honolulu, Hawaii, March 13, 2018.

/s/ Lauren K. Chun
EDMUND K. SAFFERY
LAUREN K. CHUN

Attorneys for Defendants
LOWE'S HOME CENTERS, LLC
and TYSON SACKS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAUL PETERS,<br><br>               Plaintiff,<br><br>   vs.<br><br>LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company; TYSON SACKS; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10,<br><br>               Defendants. | CIVIL NO. CV 18-00083 RLP-NONE<br><br>CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the

foregoing document has been duly served on the following parties through their

respective attorneys at their last known addresses by U.S. Mail, postage prepaid,

on the date stated below.

> JAMES PATRICK BRUMBAUGH, ESQ.
> James P. Brumbaugh, Inc.
> 120 Puanani Pl.
> Kula, HI 96790
>
> Attorney for Plaintiff
> PAUL PETERS

6756634.1

DATED:  Honolulu, Hawaii, March 13, 2018.

/s/ Lauren K. Chun
EDMUND K. SAFFERY
LAUREN K. CHUN

Attorneys for Defendants
LOWE'S HOME CENTERS, LLC
and TYSON SACKS

2